## Commonwealth v. Townsley

*R. B. Reid,* district attorney, for Commonwealth.
*Walter Herley,* for defendant.

WINDLE, P. J., February 6, 1939. — Defendant was charged on information filed by a member of the Pennsylvania Motor Police with operating his automobile at a speed of 60 miles per hour, in violation of The Vehicle Code of May 1, 1929, P. L. 905. He waived a hearing before the justice of the peace and the matter thereupon came up for hearing in this court.

At said hearing two members of said police force testified that they, in a white car assigned to them for police purposes, followed defendant for five tenths of a mile on the Lincoln Highway in this county on the evening of November 3, 1938, and that, according to the speedometer in the "police car", he was proceeding at a rate of 60 miles per hour. One of the officers, the driver of the car, testified that the speedometer therein had been tested for accuracy on October 13, 1938, as appeared by a certificate of the one making the test to that effect, and that the car had been assigned to him on October 15th. He was not present when the test was made. Objection to the admission of said testimony was entered on the ground that it was hearsay, counsel arguing that it was for that reason inadmissible and that the Commonwealth had consequently not proved the test of the speedometer for accuracy as required by the statute, wherefore a conviction could not be

sustained. The court overruled the objection, found the defendant guilty as charged—despite his testimony—and imposed sentence. At counsel's urgent request the matter was taken under advisement for review and further consideration, execution of the sentence was suspended for the time being, and defendant allowed to file his own bond for his appearance when wanted.

The only question raised here is as to the competency of the officer to testify to the fact of the test of the speedometer of the car he was driving at the time he observed the alleged violation of the speed law. If he was not competent to testify in regard thereto then the Commonwealth is without proof of an essential element in its case and defendant was not properly convicted. However, if such testimony is competent, that element is established to our satisfaction, as were the others, and the conviction must stand.

After further deliberation and consideration we have concluded that the testimony of the officer above referred to was not competent to prove that the speedometer on his car had in fact been tested for accuracy within 30 days of the date of the alleged commission of the offense charged. He knew only what he had been told in regard thereto or what appeared by the certificate which he found in the car when it was assigned to him two days after the date when said test allegedly was made. His testimony, then, to the effect that said test was made on the date mentioned was hearsay and we can find nothing that takes it out of the rule against the introduction of hearsay evidence. He had not even seen this test made and knew only what someone had told him about it or what he learned from the certificate. That he was an officer whose official duty required that he know of the test does not alter the situation that we can find. There was consequently no competent evidence of an essential element of the Commonwealth's case and, therefore, as above indicated, the conviction may not stand.

The order of this court under date of November 30, 1938, adjudging defendant guilty of the offense charged as above is vacated.

Defendant is now adjudged not guilty.